UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

b

| | |
|---|---|
| BARBARA JEANE GAINES o/b/o T.D.G. | CIVIL ACTION NO. 16-CV-00825 |
| VERSUS | CHIEF JUDGE DRELL |
| ACADIA HEALTHCARE CO., INC. *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

## *SUA SPONTE* JURISDICTIONAL REVIEW FINDING

Before the Court is a Complaint filed in this Court by Plaintiff Barbara Jeane Gaines on behalf of T.D.G. The named Defendants are Acadia Healthcare Company, Inc., Crossroads Regional Hospital, L.L.C. of Louisiana d/b/a Longleaf Hospital, and Kevin Newman (a Mental Health Technician employed at Longleaf Hospital). Plaintiffs premise federal jurisdiction on diversity of citizenship.

Defendants allege in their Answer that Acadia Healthcare Company, Inc. was incorrectly named as defendant, and that Crossroads Regional Hospital, L.L.C. of Louisiana is doing business as Longleaf Hospital.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged."

Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988).

Although the issue of jurisdiction has not been contested by either party, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." Id. at 506-07.

The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp., 757 F.3d 481, 483 (5th Cir. 2014). The citizenship of an LLC is determined by the citizenship of all its members. Harvey, 542 F.3d at 1079-80.

Plaintiffs Barbara Jeane Gaines and her minor child, T.D.G., are citizens of Mississippi.

Defendant Keith Newman is a resident and citizen of Louisiana.

Defendant Crossroads Regional Hospital, L.L.C. of Louisiana d/b/a Longleaf Hospital, is a Delaware limited liability company with its principal place of business in Tennessee (doing business in Louisiana as Longleaf Hospital). Defendant shows that its sole member is Acadia Healthcare Company, Inc., a Delaware corporation

with its principal place of business in Tennessee (Doc. 1). At the time the suit was removed, Acadia Healthcare Company, Inc. was also a named defendant, but Crossroads Regional Hospital was later substituted for Acadia Healthcare (Doc. 7).

Therefore, diversity of citizenship is clear from the pleadings.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of April, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge